UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61794-CIV-COHN/SELTZER

NICOLE PHILLIPS,

    Plaintiff,

v.

STRYKER CORPORATION,
a Foreign Profit Corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff Nicole Phillips' Motion to Remand [DE 16]. The Court has considered the motion, Defendant Stryker Corporation's Response [DE 22], and the record in this case, and is otherwise advised in the premises.[1]

## I.  BACKGROUND

On May 5, 2011, Plaintiff brought this action in the Seventeenth Judicial Circuit Court in and for Broward County, Florida. Complaint [DE 1-1]. Thereafter, on August 11, 2011, Defendant removed the action to this Court based on diversity jurisdiction. Notice of Removal [DE 1].[2] On September 12, 2011, Plaintiff moved to remand this case to state court based on lack of subject matter jurisdiction.

---

[1] Plaintiff did not file a Reply, and the time for doing so has passed.

[2] Removal was timely because the Notice of Removal was filed within 30 days after Defendant received Plaintiff's Notice of Voluntary Dismissal of the non-diverse defendant. See 28 U.S.C. § 1446(b).

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008).  Federal subject matter jurisdiction exists only when a controversy involves a question of federal law or diversity of citizenship between the parties.  See 28 U.S.C. §§ 1331-1332.  The instant case does not involve a question of federal law.  Accordingly, the Court may hear the case only if diversity jurisdiction exists.

Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332; see also Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994) (diversity jurisdiction requires complete diversity); Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993) ("[O]ne means by which Congress has sought to limit access to federal courts in diversity cases is the amount-in-controversy requirement.").  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994).  There is no dispute that complete diversity exists in this case.  See Notice of Removal ¶ 4; Amended Complaint [DE 1-2] ¶¶ 2, 3.  The only dispute is whether the amount in controversy exceeds $75,000.

The party seeking to litigate in federal court bears the burden of establishing jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Where a plaintiff has not pled a specific amount of damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence.  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  A defendant may

allege removability that is apparent from the face of the complaint, in which case the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. Roe v. Michelin N. Am., Inc., 613 F.3d 1058 (11th Cir. 2010). District courts must make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleading to determine whether it is facially apparent that a case is removable." Id. (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010)). A defendant may introduce its own affidavits, declarations or other documentation to meet its burden, Pretka, 608 F.3d at 755, but such evidence is permissible to consider only if the facts alleged existed at the time of removal, Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). Further, a district court may employ its own judicial experience or common sense to discern whether a complaint establishes the jurisdictional amount in controversy required for removal. See Roe, 613 F.3d at 1063.

Here, Plaintiff has made an unspecified demand for damages. See Am. Compl. ¶ 1 ("This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars."). Thus, Defendant bears the burden of establishing the amount in controversy by a preponderance of the evidence. Williams, 269 F.3d at 1319. In an effort to meet this burden, Defendant contends, "it is clear that Plaintiff will claim in excess of $75,000." Resp. at 2 ¶ 6. In support of this conclusion, Defendant points to a Workers Compensation Notice of Lien [DE 22-1] ("Lien Notice") and the allegations contained in Plaintiff's Amended Complaint. As discussed below, the Court cannot conclude based solely on the Lien Notice and Plaintiff's allegations that it is more likely than not that the amount in controversy meets the jurisdictional threshold amount.

First, the Lien Notice states that as of July 1, 2011, Plaintiff had received $17,437.16 in indemnity payments and $25,078.51 in medical payments, for a total of $42,515.67, an amount significantly less than the $75,000 threshold amount. Defendant notes that "the lien is open and continues to grow as Plaintiff continues to receive benefits," Resp. at 3 ¶ 6, but "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later," Pretka, 608 F.3d at 751.

Second, Plaintiff alleges that she suffered either permanent or continuing injuries, including "pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense for hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a pre-existing condition." Am. Compl. ¶ 27; see also Am. Compl ¶¶ 15, 20. Such allegations, especially when combined with Plaintiff's statement that the amount she seeks "is no greater than $74,999.99, exclusive of interest and costs," Mot. at 2 ¶ 7, is not sufficient to meet Defendant's burden. See Williams, 269 F.3d 1316 (finding plaintiff's allegations that she tripped on a curb and sustained permanent physical and mental injuries, incurred substantial medical expenses, suffered lost wages, and experienced a diminished earnings capacity were not sufficient to support the defendant's contention, by a preponderance of the evidence, that the amount in controversy was satisfied). Accordingly, because Defendant has not proved by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Court will remand this case to state court for lack of subject matter jurisdiction.

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand [DE 16] is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, for lack of subject matter jurisdiction;

2. The Clerk of this Court is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 11-010490 (25);

3. All pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 7th day of October, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF